UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.

ARSLAN MAMEDOV                              )
    Plaintiff                              )
                                 )
V.                                         )
                                 )
THE GUARDIAN LIFE INSURANCE                )
    COMPANY OF AMERICA                     )
L.E.K. CONSULTING LLC AD&D LTD, LIFE,       )
    STD PLAN
    Defendants

## COMPLAINT

### Introduction

    This is an ERISA claim to recover ERISA welfare benefits provided under the defendant

L.E.K. CONSULTING LLC AD&D LTD, LIFE, STD PLAN administered and insured

defendant The Guardian Life Insurance Company of America. In addition, Plaintiff seeks to

recover attorney's fees and costs allowed under the ERISA statute. This suit is an example of

abuses where "the insurance industry found it could largely immunize itself from suit due to the

Employee Retirement Income Security Act ("ERISA")." *United States v. Aegerion*

*Pharmaceuticals, Inc.*, 280 F. Supp. 3d 217, 226 (D. Mass. 2017).

### PARTIES

1.    Plaintiff is Arslan Mamedov ("Mr. Mamedov"), an individual having a usual place of

    residence at Newton Center, Middlesex County, Commonwealth of Massachusetts.

2.    Defendant is The Guardian Life Insurance Company of America ("GLICOA") a mutual

    life insurance company having a usual place of business at 10 Hudson Yards, New York,

New York. GLICOA is authorized to engage in the business of insurance under the laws

of the Commonwealth of Massachusetts as a licensed foreign insurance company and is

doing business in the Commonwealth of Massachusetts.

3.    Defendant is L.E.K. CONSULTING LLC AD&D LTD, LIFE, STD PLAN ("ERISA

Plan") an ERISA welfare-benefits plan sponsored by L.E.K. Consulting LLC ("LEK"), a

Delaware limited liability company, having a usual place of business at 75 State Street,

Boston, Suffolk County, Commonwealth of Massachusetts. L.E.K. CONSULTING

AMERICA INC. is the manager of LEK. CT Corporation System, 155 Federal Street,

Suite 700 is the registered agent.


**JURISDICTION AND VENUE**

4.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. §

1132(e) (ERISA § 502(e)).  Mr. Mamedov's claims "relate to" "employee welfare

benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit

plans    constitutes "plan[s] under ERISA."

5.    The ERISA statute, at 29 U.S.C. § 1133, as well as the Secretary of Labor regulations, at

 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of

benefits denials. In this case, those avenues of appeal have been exhausted and this matter

is now properly before this court for judicial review.

6.    Mr. Mamedov filed a timely appeal.

7.    Mr. Mamedov has administratively exhausted his obligations under the ERISA Plan,

and under ERISA common law.

8.    The ERISA statute, at 29 U.S.C. § 1133, a Venue is proper within the District of

Massachusetts under 29 U.S.C. § 1132(e)(2) because ERISA Plan is doing business here and Mr. Mamedov resides in this Judicial District.

**FACTS COMMON TO ALL COUNTS**

9. On July 15, 2019, Mr. Mamedov began working at LEK.

10. LEK provided many benefits to its employees, including Mr. Mamedov, through the ERISA Plan that was funded in whole or in part by insurance issued by GLICOA.

11. On March 27, 2020, Mr. Mamedov left work due to impairing medical symptoms caused by an illness and never returned.

12. The ERISA Plan and GLICOA paid the full term of short-term disability benefits (April 6, 2020-July 5, 2020) to Mr. Mamedov after meeting a 7-day elimination period.

13. The ERISA Plan and GLICOA sent Mr. Mamedov's claim to the long-term disability department at GLICOA for consideration.

14. Mr. Mamedov applied for other benefits under the ERISA Plan.

15. GLICOA and the ERISA Plan rendered an adverse-benefit determination and refused to provide long-term disability benefits and other benefits to Mr. Mamedov contending that Mr. Mamedov did not qualify due the ERISA Plan's pre-existing condition exclusion for a sickness that GLICOA and the ERISA Plan asserted had been treated for during the "look-back period" under the terms of the ERISA Plan.

16. Mr. Mamedov applied for and was granted Social Security Disability ("SSDI") benefits from the Social Security Administration ("SSA").

17. For a person to be eligible for disability income benefits from the United States Social Security Act, a person must be unable to do any kind of substantial gainful work because of a physical or mental impairment (or a combination of impairments); (1) which has

lasted or is expected to last for a continuous period of at least 12 months, or (2) that is expected to result in death.

18.   That definition of disability under the SSA is more restrictive than the definition found in the ERISA Plan.

19.   Mr. Mamedov has been "totally disabled" under the ERISA Plan and continues to be "totally disabled" under all definitions in the ERISA Plan.

20.   Neither GLICOA nor the ERISA Plan disputed whether Mr. Mamedov was totally disabled under the terms of the ERISA Plan.

21.   On January 11, 2021, the GLICOA case manager wrote to the LEK, "The Waiver of Life Insurance Premium claim was set up for him due to his total disability," conceding that he is totally disabled under the terms of the ERISA Plan

22.   Mr. Mamedov filed an appeal, and GLICOA and the ERISA Plan refused to reverse their prior adverse-benefit determination.

23.   By letter dated June 2, 2021, The ERISA Plan and GLICOA made a final adverse-benefit determination contending that Mr. Mamedov was not entitled to coverage.

24.   In the June 2, 2021, letter GLICOA asserted that it, "has not relied upon any internal rule, guideline or protocol in relation to the review and determination of your claim for benefits.

25.   In the June 2, 2021, letter, GLICOA asserted, "Based upon a thorough review of the appeal and in conjunction with the terms of the Plan; we find that your client's, disabling diagnosis was found to be pre-existing under the terms of the Plan."

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

26.  Mr. Mamedov realleges the preceding paragraphs and incorporates the same by reference as if fully set forth herein again.

27.  This Court must conduct a plenary proceeding in evaluating ERISA Plan's and GLICOA's decision, because de novo is the default standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

28.  The decision to deny LTD benefits not supported by substantial evidence, was wrongful, and not in compliance with laws and was made by a financially conflicted Insurance company. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

29.  Because GLICOA is a New York stated admitted life insurance company, GLICOA must conform its insurance policies to New York law even when it does business in other states.

30.  LEK has an office and employees in New York, New York.

31.  Under New York insurance law, "(2) No pre-existing condition provision shall exclude coverage for a period in excess of twelve months following the effective date of coverage for the covered person." N.Y. Ins. Law § 3234 (McKinney).

32.     In *Benesowitz v. Metro. Life Ins. Co.* the Second Circuit certified to the New York Court

of  Appeals the following question:


Whether New York Insurance Law § 3234(a)(2) means that (1) a policy may
impose a twelve-month waiting period during which no benefits will be paid for
disability stemming from a pre-existing condition and arising in the first twelve
months of coverage or (2) a policy may lawfully include a permanent absolute bar
to coverage of disabilities resulting from pre-existing conditions that trigger
disability within the first twelve months of the employee's coverage.

*Benesowitz v. Metro. Life Ins. Co.*, 514 F.3d 174, 175 (2d Cir. 2007)

33.    The New York Court of Appeals held, "the statute allows insurers to toll benefits during

the first 12 months of  coverage but does not permit them to impose an absolute bar to

coverage for disabilities stemming from preexisting conditions and arising during that

12–month period." *Benesowitz v. Metro. Life Ins. Co.*, 870 N.E.2d 1136, 1137–38 (N.Y.

2007).


34.     The adverse-benefit determination of the ERISA Plan and GLICOA is wrong, and even

if the determination is not wrong, or not an abuse of discretion, disability benefits owed

to Mr. Mamedov may only be tolled for the first 12 months of coverage at most.

35.     As a result of the ERISA Plan and GLICOA's failure to pay to Mr. Mamedov disability

benefits provided to him and to those participants who are disabled, Ms. Mamedov is

entitled to relief against the ERISA Plan and GLICOA to recover benefits due to him

under the terms of the ERISA Plan and to enforce him rights to benefits under the ERISA

Plan and to clarify his rights to future benefits under the ERISA Plan pursuant to 29 U.S.C. § 1132 (a)(1)(B).

## SECOND CAUSE OF ACTION

## AWARD OF ATTORNEY'S FEES AND COSTS UNDER ERISA

36.    Mr. Mamedov realleges all paragraphs set-forth above and incorporates the same by reference as if fully set forth herein again.

37.     The ERISA Plan and GLICOA have unlawfully refused to provide benefits and have caused Mr. Mamedov to incur attorneys' fees and costs and will cause him to incur additional fees and costs.

38.    Mr. Mamedov is entitled to recover under 29 U.S.C. § 1132 (g)(1), costs of this litigation, including reasonable attorneys' fees and interest at the Massachusetts statutory on all back due benefits.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff ARSLAN MAMEDOV demands relief and judgment against both defendants jointly and severally:

A.   Under ERISA, an equitable award of a sum of money to be determined by this Court, plus pre-judgment interest (at no less than the Massachusetts statutory rate), post-judgment interest, costs, and reasonable attorney's fees allowed by statute or otherwise.

B.   Injunctive relief declaring the rights and duties of the Plaintiff and Defendants regarding past benefits owed to the plaintiff, and future benefits to be paid to the Plaintiff.

C.  For an order precluding Defendants from using offsets in the ERISA Plan because of Defendants' unclean hands.

D. In the alternative, remanding the adverse-benefit determination to Defendants to be decided again with an order requiring "full and fair review" under ERISA, 29 U.S.C. §1133(2).

E. For such other legal or equitable relief as this Court deems just and proper.


                                        ARSLAN MAMEDOV
                                        By his attorney,


                                            */s/ Jonathan M. Feigenbaum*
                                        _____
                                        Jonathan M. Feigenbaum, Esq.
                                        B.B.O. #546686
                                        184 High Street
                                        Suite 503
                                        Boston, MA 02110
                                        Tel. No. : (617) 357-9700
                                        jonathan@erisaattorneys.com