**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARSLAN MAMEDOV,<br><br>Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and L.E.K. CONSULTING LLC AD&D LIFE, STD PLAN,<br><br>Defendants. | No. 1:21-cv-11248 |

# ANSWER

The Defendant The Guardian Life Insurance Company of America ("Guardian") responds to the allegations of Plaintiff's Complaint as follows:

## FIRST DEFENSE

1. To the extent the allegations of the "Introduction" paragraph require any response, those allegations are denied.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 3, 16, 19 and 30.

3. Admits paragraphs 2, 9 and 12-14.

4. Paragraphs 4-8, 17, 18, 29 and 31-33 state conclusions of law for which no response is required. To the extent the Court may otherwise construe those paragraphs, they are denied.

5. Answering the allegations of paragraph 10, alleges that Guardian issued a group insurance policy to L.E.K. Consulting LLC to fund various benefits for employees, including

short and long term disability benefits. Except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 11, alleges that it was reported to Guardian that Plaintiff last worked for L.E.K. Consulting LLC on March 27, 2020. Except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 15, alleges that Guardian wrote Plaintiff a letter dated July 30, 2020, denying his claim for LTD benefits. The terms of that letter speak for themselves and require no further comment or characterization by Guardian. Except as so alleged, denies the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 20, alleges that because Guardian determined Plaintiff's claim to be barred by the pre-existing condition exclusion it did not further review the claim to determine whether other provisions of the Plan were met. Except as so alleged, denies the remaining allegations of that paragraph.

9. Denies paragraphs 21, 27, 28, 34, 35, 37 and 38.

10. Answering the allegations of paragraph 22, alleges that Plaintiff appealed the denial of his claim and the denial was upheld upon administrative review. Except as so alleged, denies the remaining allegations of that paragraph.

11. Answering the allegations of paragraphs 23-25, alleges that Guardian wrote Plaintiff's counsel a letter dated June 2, 2021, upholding the denial of Plaintiff's claim following an administrative review. The terms of that letter speak for themselves and require no further comment or characterization by Guardian. Except as so alleged, denies the remaining allegations of that paragraph.

12. Repeats and re-alleges the responses to paragraphs: 1-25 in response to paragraph 26; and 1-35 in response to paragraph 36.

13. With respect to Plaintiff's "Request for Relief", denies that Plaintiff is entitled to any relief sought in his Complaint.

SECOND DEFENSE

14. The Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1001 et seq. ("ERISA") preempts Plaintiff's claims.

THIRD DEFENSE

15. Plaintiff is not entitled to a jury trial.

FOURTH DEFENSE

16. Plaintiff has failed to state a claim upon which relief may be granted.

FIFTH DEFENSE

17. Plaintiff's remedies are limited solely to those afforded by ERISA.

SIXTH DEFENSE

18. Plaintiff's claims are barred because Guardian discharged its duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

SEVENTH DEFENSE

19. Plaintiff's claims are barred because Guardian's actions were not arbitrary, capricious, unreasonable or made in bad faith.

EIGHTH DEFENSE

20. The decisions of Guardian with respect to Plaintiff's claims are entitled to deferential review.

NINTH DEFENSE

21. To the extent the Court determines that Plaintiff is entitled to LTD benefits, such benefits are subject to all other terms and conditions of the Plan.

**WHEREFORE**, Defendant Guardian demands judgment dismissing the Complaint with prejudice. Guardian further seeks recovery of its attorney's fees, costs and such further relief as the Court may deem appropriate.

September 28, 2021

Respectfully submitted,

*/s/ Brooks R. Magratten*________________
Brooks R. Magratten, Esq. (BBO #650393)
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 490-3422
(401) 588-5166 Fax
bmagratten@pierceatwood.com

*Attorneys for Defendant The Guardian Life Insurance Company of America*

**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on September 28, 2021, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on the following counsel of record:

Jonathan M. Feigenbaum
184 High Street, Suite 503
Boston, MA 02110

Daniel N. Marx
Fick & Marx, LLP
24 Federal Street, 4th Floor
Boston, MA 02110

*/s/ Brooks R. Magrtten*_______________