**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARSLAN MAMEDOV,<br>*Plaintiff,*<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and L.E.K. CONSULTING LLC AD&D, LTD, LIFE, STD PLAN,<br>*Defendants.* | No. 1:21-cv-11248-NMG |

**ANSWER**

Defendant L.E.K. CONSULTING LLC AD&D, LTD, LIFE, STD PLAN ("the Plan") responds to the Complaint (D.E. #1) by Plaintiff Arslan Mamedov as follows:

**Introduction**

No response is required to the allegations in the unnumbered, introductory paragraph, which purport to summarize the nature and basis of this action. To the extent that any response is required, the Plan denies the allegations.

**Parties**

1. The Plan lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 1 and, on that basis, denies the allegations.

2. The Plan lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, on that basis, denies the allegations.

3. The Plan admits the allegations in the first sentence of Paragraph 4. The Plan denies the allegations in the second sentence of Paragraph 4. No response is required to the allegations in the third sentence of Paragraph 4, which fail to identify the alleged principal for which CT Corporate Systems is "the registered agent."

## Jurisdiction and Venue

4. No response is required to the allegations in Paragraph 4, which assert legal conclusions.

5. No response is required to the allegations in Paragraph 5, which assert legal conclusions. To the extent any response is required, the Plan lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 5 and, on that basis, denies the allegations.

6. No response is required to the allegation in Paragraph 6, which asserts a legal conclusion. To the extent any response is required, the Plan lacks knowledge and information sufficient to form a belief about the truth of the allegation in Paragraph 6 and, on that basis, denies the allegation.

7. No response is required to the allegations in Paragraph 7, assert legal conclusions. To the extent any response is required, the Plan lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 7 and, on that basis, denies the allegations.

8. No response is required to the allegations in Paragraph 8, assert legal conclusions. To the extent any response is required, the Plan lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, on that basis, denies the allegations.

## Factual Allegations

9. The Plan admits the allegations in Paragraph 9.

10. The Plan admits it obtained a group insurance policy from Defendant The Guardian Life Insurance Company of America ("Guardian") to fund various benefits for employees of

L.E.K. Consulting LLC ("L.E.K."), including short- and long-term disability benefits, but the Plan otherwise denies the allegations in Paragraph 10.

11. The Plan admits Plaintiff went on medical leave from L.E.K. on March 27, 2020, and made a claim for short-term disability benefits on March 30, 2020, but the Plan lacks knowledge and information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 11 and, on that basis, denies the allegations.

12. The Plan admits the allegations in Paragraph 12.

13. The Plan admits the allegations in Paragraph 13.

14. The Plan admits the allegations in Paragraph 14.

15. The Plan denies the allegations in Paragraph 15.

16. The Plan lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 16 and, on that basis, denies the allegations.

17. No response is required to the allegations in Paragraph 17, which assert legal conclusions.

18. No response is required to the allegations in Paragraph 18, which assert legal conclusions.

19. No response is required to the allegations in Paragraph 19, which assert legal conclusions. To the extent that any response is required, the Plan lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 19 and, on that basis, denies the allegations.

20. The Plan denies the allegations in Paragraph 20.

21. The Plan denies the allegations in Paragraph 21.

22. The Plan lacks knowledge and information sufficient to form a belief about the truth of the allegation in the first part Paragraph 22 (regarding Plaintiff's alleged appeal) and, on that basis, denies the allegation, and the Plan denies the remainder of the allegations in Paragraph 22.

23. The Plan denies the allegations in Paragraph 23.

24. To the extent that the allegations in Paragraph 24 purport to quote from a June 2, 2021 letter from Guardian (not the Plan) to Plaintiff, the letter speaks for itself and, thus, no response is required.

25. To the extent that the allegations in Paragraph 25 purport to quote from a June 2, 2021 letter from Guardian (not the Plan) to Plaintiff, the letter speaks for itself and, thus, no response is required.

**First Cause of Action**
**For Plan Benefits under 20 U.S.C. § 1132(a)(1)(B)**

26. No response is required to the allegations in Paragraph 26, which merely incorporate the preceding paragraphs.

27. No response is required to the allegations in Paragraph 27, which assert legal conclusions. To the extent that a response is required, the Plan denies the allegations.

28. The Plan denies the allegations in Paragraph 28.

29. No response is required to the allegations in Paragraph 29, which assert legal conclusions and because they concern only Guardian, not the Plan.

30. The Plan denies that it has an office or employees in New York, New York, but admits that L.E.K. has an office and employees in New York, New York.

31. No response is required to the allegations in Paragraph 31, which assert legal conclusions.

32. No response is required to the allegations in Paragraph 32, which assert legal conclusions.

33. No response is required to the allegations in Paragraph 33, which assert legal conclusions.

34. No response is required to the allegations Paragraph 34, which assert legal conclusions. To the extent that a response is required, the Plan denies the allegations.

35. No response is required to the allegations in Paragraph 35, which assert legal conclusions. To the extent that a response is required, the Plan denies the allegations.

## Second Cause of Action
## Award of Attorney's Fees and Costs Under ERISA

36. No response is required to the allegations in Paragraph 36, which merely incorporate the preceding paragraphs.

37. The Plan denies the allegations in Paragraph 37.

38. No response is required to the allegations in Paragraph 38, which assert legal conclusions. To the extent that a response is required, the Plan denies the allegations.

## Requests for Relief

39. The Plan denies that Plaintiff is entitled to judgment or any of the relief requested in the WHEREFORE clause.

## First Affirmative Defense

40. Plaintiff has failed to state a claim upon which relief may be granted.

## Second Affirmative Defense

41. ERISA limits Plaintiff's remedies to those provided by statute.

## Third Affirmative Defense

42. ERISA preempts Plaintiff's claims to the extent they exceed the scope of the statute.

**Fourth Affirmative Defense**

43. With regard any claim for disability benefits by Plaintiff, the Plan delegated discretionary authority to Guardian; Guardian acted in accordance with ERISA; and Guardian's decisions about Plaintiff's eligibility for benefits under the Plan are entitled to deferential review.

**WHEREFORE,** Defendant L.E.K. Consulting LLC AD&D, LTD, LIFE, STD Plan requests judgment dismissing the Complaint by Plaintiff Arslan Mamedov, and it further seeks recovery of attorneys' fees and costs as well as any other relief that this Court may deem just and proper.

Respectfully submitted,

**L.E.K. CONSULTING LLC AD&D, LTD, LIFE, STD PLAN**

By its attorneys,

*/s/ Daniel N. Marx*
Daniel N. Marx (BBO# 674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*dmarx@fickmarx.com*

Dated: October 4, 2021

**CERTIFICATE OF SERVICE**

I, Daniel N. Marx, as counsel to Defendant L.E.K. Consulting LLC AD&D, LTD, LIFE, STD Plan, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 4, 2021.

*/s/ Daniel N. Marx*